UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARI LEANNE NAVA,                              Case No. 3:14-cv-01348-AA

          Plaintiff,                           OPINION AND ORDER

     v.

CAROLYN W. COLVIN,
Commissioner, Social
Security Administration

          Defendant.

_____

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

Lars J. Nelson
Special Assistant United States Attorney
Social Security Administration
1961 Stout St., Ste. 4169
Denver, CO 80294-4003
     Attorneys for defendant

OPINION AND ORDER - 1

AIKEN, Chief Judge:

Plaintiff brings this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her applications for supplemental security income benefits (SSI) under Title XVI of the Social Security Act (the Act). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons stated below, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

On August 24, 2010, plaintiff filed an application for SSI; it was denied initially and on reconsideration. Tr. 151, 92, 102. On December 19, 2012, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 40-71. On January 31, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 27-35. On June 17, 2014, the Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 1-6. Plaintiff now seeks judicial review.

Plaintiff was fifty-six years old at the time of the ALJ's decision, with some high school education, a high school equivalency diploma (GED), and past relevant work within the last 10 years. Tr. 44, 45-46, 48-52, 61-62. Plaintiff initially

OPINION AND ORDER - 2

claimed her disability began in December 2007, but amended her alleged onset date to August 2010. Tr. 27. Plaintiff alleges disability due to various physical and mental limitations. Tr. 179.

## STANDARD OF REVIEW

The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step

OPINION AND ORDER - 3

one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 29; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of asthma/emphysema, depression, borderline personality disorder, post-traumatic stress disorder, and non-severe impairment of hepatitis C. Tr. 29-30; 20 C.F.R. § 416.920(c). At step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 30; 20 C.F.R. § 416.920(d).

The ALJ then determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform light work with some restrictions. Tr. 31. The ALJ also found that plaintiff could remember, understand, and carry out instructions or tasks generally required by occupations with a specific vocational preparation (SVP) of 1-4. Tr. 31; 20 C.F.R. §§ 416.920(e), 416.967(b).

At step four, the ALJ took into account the plaintiff's work history and her ability to function with certain symptoms while continuing to work in previous positions. Tr. 35. Thus, the ALJ found that plaintiff was capable of performing her past relevant work as a receptionist, general office clerk, and data

entry clerk. Tr. 35; 20 C.F.R. §§ 416.920(f), 416.965. Therefore, the ALJ found plaintiff not disabled under the meaning of the Act and did not proceed to step five. Tr. 35.

## DISCUSSION

Plaintiff argues that the ALJ erred by: 1) improperly discounting plaintiff's subjective symptom testimony; and 2) making step four findings unsupported by substantial evidence. Pl.'s Br. 5.

### I.   Plaintiff's Credibility

Plaintiff contends that the ALJ failed to articulate a clear and convincing reason, supported by substantial evidence, for rejecting her subjective symptom statements concerning the extent and severity of her arm injury and mental impairments. Pl.'s Br. 5.

Plaintiff and her daughter asserted that plaintiff was unable to cut with a knife, use tongs, grasp with her right hand, lift objects, write, or use a computer, and that plaintiff suffered from depression symptoms, had difficulty reaching, and dropped items frequently. Tr. 62, 65, 204, 208-09, 231.

When a plaintiff has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's

testimony about the severity of … symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the plaintiff is not credible is insufficient; the ALJ must "state which … testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

In assessing credibility, the ALJ may review the plaintiff's daily activities and the observations of physicians and third parties with personal knowledge about the plaintiff's functional limitations. Smolen, 80 F.3d at 1284. The ALJ may also consider inconsistent or unexplained plaintiff testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a plaintiff's work history. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found plaintiff not credible for several reasons. First, the ALJ found that the plaintiff's testimony was not "reasonably consistent" with the medical evidence. Tr. 32. While

an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). A contradiction with medical records is a sufficient basis for rejecting the plaintiff's subjective testimony. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).

Specifically, the ALJ noted only one medical record of plaintiff's arm injury was provided from a 2008 Department of Labor and Industry claim form. Tr. 283. The ALJ noted that no other objective indication of persistent pain or long-term damage to plaintiff's arm was documented in any of plaintiff's follow-up medical evaluations. Tr. 347, 353, 372, 405, 408, 410, 414, 417, 455, 460, 469, 471, 473. As the ALJ noted, Dr. Sharon Eder's 2011 opinion found that there was no indication of a right arm problem beyond a "non-severe" impairment. Tr. 35, 81-88.

Additionally, the ALJ noted that plaintiff's depression symptoms were found to be less than debilitating during multiple evaluations. Specifically, during a 2010 assessment, the plaintiff was found "alert, in no apparent distress, cooperative, healthy, and smiling." Tr. 32, 317, 345-346, 357. Moreover, a 2012 mental status examination by Dr. Wu found that

plaintiff's thought process was "organized and future focused with a congruent affect" and that "cognition was intact." Tr. 32, 427-429, 461-462.

The ALJ also noted that despite asthma diagnosis on the record, lung examinations revealed "no wheezes, rales or rhonchi", and CT chest scans "did not indicate significant findings." Tr. 32, 365, 372. The ALJ also noted that hypertension symptoms were "improved with medication and reduction of caffeine" and considered plaintiff's hypertension as "benign and well controlled." Tr. 32, 405, 488-504.

Although plaintiff disagrees with the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004). Here, the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding plaintiff's subjective complaints not reasonably consistent with the medical evidence.

Second, the ALJ found plaintiff had worked in the past with her alleged ailments. When a plaintiff's work history undercuts her assertions, the ALJ may rely on that contradiction to discredit the plaintiff. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001). Specifically, the ALJ noted that plaintiff

reported working as a housekeeper, secretary, clerk, and for Goodwill Industries, even though she stated she had been treated for depression "off and on" all of her life. Tr. 33, 57, 420, 422. The ALJ found that because plaintiff's impairments had not prevented her from working or caused her to cease working, this "strongly suggests that her impairments would not currently prevent work." Tr. 33, 420-426.

Lastly, the ALJ noted that plaintiff's full range of daily activities were inconsistent with her subjective complaints. The ALJ noted that plaintiff performed activities including helping her father with paperwork, driving, socializing on the telephone, handling money, mailing items independently, preparing simple meals, performing light household chores, shopping in stores, and using public transportation. Tr. 33, 204-11, 223-30.

Daily activities may serve as a basis for discrediting a plaintiff where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13. Here, plaintiff's daily activities conflict with the degree of disability she alleges. While variable interpretations of this evidence may exist, the ALJ's analysis was nonetheless reasonable, such that it must be upheld. Batson, 359 F.3d at 1198.

Although the ALJ found that plaintiff's lack of compliance with medical advice detracted from her credibility, the Commissioner does not rely on that factor. Even if the ALJ erred in the evaluation of plaintiff's alleged contribution to her symptoms, the ALJ's additional reasons are nonetheless legally sufficient. See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2, 1162 (9th Cir. 2008) (noting that "so long as there remains 'substantial evidence supporting the ALJ's conclusions on … credibility' the error is … harmless and does not warrant reversal.").

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements concerning the extent and severity of her impairments. As such, the ALJ's credibility finding is affirmed.

II.  Step Four Findings

Plaintiff argues that the ALJ's step four findings were not supported by substantial evidence. Pl.'s Br. 5, 12. Plaintiff first argues that the ALJ's RFC and step four finding are erroneous, because they do not account for the functional limitations resulting from her increased depression symptoms and the long-term effects of her right arm injury.

The RFC is the maximum a plaintiff can do despite her limitations. See 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a plaintiff's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the plaintiff's testimony. SSR 96-8p, available at 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the plaintiff's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As discussed above, the ALJ did not erroneously discredit plaintiff's allegations regarding her arm limitations and depression symptoms. Further, the ALJ noted several conflicting psychological opinions regarding plaintiff's mental limitations.

In one evaluation, Dr. Wicher found plaintiff had "mild to moderate" overall deficits in concentration, persistence, and pace. Tr. 34, 420-426. The ALJ found that cognitive testing conducted by Dr. Wicher was consistent with the record and objectively based, and this portion of Dr. Wicher's assessment

was given more weight. Id. However, the ALJ gave less weight to Dr. Wicher's report indicating that plaintiff's psychological barriers precluded her from full-time employment, finding it based on "the plaintiff's subjective complaints." Id. "An opinion of disability premised to a large extent upon the claimant's own accounts of her symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted." Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995); see also Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) (claimant's provision of misinformation, unbeknownst to a doctor, served as a legally sufficient reason for rejecting that doctor's opinion). Here, the ALJ found plaintiff not credible; therefore, the ALJ did not error in rejecting the portion of Dr. Wicher's opinion that was based on plaintiff's subjective complaints.

The ALJ also noted that Dr. Henning's assessment found "no severe psychological impairment." Tr. 35, 88-89. Given the conflicting medical evidence and the credibility findings, the ALJ did not err by failing to adopt the additional limitations alleged by plaintiff.

As for plaintiff's right arm complaint, two non-examining physicians, Drs. Alley and Eder, found no severe physical impairment. Tr. 34-35, 73-79, 81-88. Due to the lack of

objective medical evidence of recurring pain or long-lasting

effects of plaintiff's injury, as noted above, the Court finds

the ALJ adequately addressed plaintiff's physical impairments in

his RFC assessment by finding her able to perform light work

with some restrictions.

Plaintiff also challenges the ALJ's reliance on SVP ratings

in his RFC assessment. Pl.'s Br. 12. Plaintiff argues that the

SVP ratings do not assess her ability to perform certain job

duties and that the ALJ's findings constitute a limitation to

simple tasks. Plaintiff also maintains that there is an inherent

inconsistency between her limitation to jobs with SVP 1-4

ratings and the requirement of Level 3 Reasoning necessary in

her past relevant work that the ALJ specified she was capable of

performing. Pl.'s Br. 12, 15.

The Dictionary of Occupational Titles (DOT) defines SVP as

the "amount of lapsed time required by a typical worker to learn

the techniques, acquire the information, and develop the

facility needed for average performance in a specific job-worker

situation." DOT, Appx. C, § 2. The higher the SVP rating, the

more time it takes to equal average performance in that

occupation. Id. For example, the DOT specifies that an

occupation with an SVP rating of 4 generally requires "over 3

months and up to and including 6 months" of training to equal an average worker. Id.

Plaintiff argues that the ALJ's reliance on SVP ratings 1-4 necessarily limited her to occupations with "'simple' rather than 'complex' tasks." Pl.'s Br. 14. However, the Commissioner has concluded that SVP 1-2 ratings correspond with "unskilled work," and SVP 3-4 ratings correspond to "semi-skilled" work. SSR 00-4P, 2000 WL 1898704, at *3. Unskilled work is defined, in part, as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time … and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. § 416.968(a). Semi-skilled work is defined as "work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require … types of activities which are similarly less complex than skilled work, but more complex than unskilled work." Id. at § 416.968(b). Plaintiff fails to recognize that the definition of "semi-skilled" work includes "activities which are similarly less complex than skilled work, but more complex than unskilled work." Id. Thus, by limiting plaintiff to jobs with SVP ratings of 1-4, the ALJ did not limit plaintiff to "simple" work.

Furthermore, plaintiff does not provide any binding case law to support her argument that jobs with SVP levels of 1-4 involve "simple" rather than "complex" tasks. In fact, the definition of "semi-skilled work" does not include the term "simple." Id. at § 416.968(a)-(b). For these reasons, the Court finds plaintiff's arguments unpersuasive regarding a limitation to simple tasks. Accordingly, the Court similarly rejects plaintiff's argument that her limitation to simple work renders her incapable of meeting the demands of Reasoning Level 3 work. Pl.'s Br. 14; Zavalin v. Colvin, 778 F.3d 842 (9th Cir. 2015).

Nonetheless, I agree with plaintiff that the ALJ's reliance on SVP ratings failed to adequately assess her non-exertional limitations and resulted in a deficient RFC. The ALJ found that plaintiff is able to "remember, understand and carry out instructions and tasks generally required by occupations with an SVP 1-4." Tr. 31. The ALJ made no other RFC findings regarding plaintiff's limitations or ability to remember, understand, and carry out instructions. Specifically, the ALJ made no RFC findings regarding plaintiff's limitations in concentration, persistence or pace, even though the ALJ's decision suggests that plaintiff had some degree of limitation in those areas.

As plaintiff emphasizes, the ALJ gave some weight to Dr. Wicher's finding that plaintiff had mild to moderate limitations

in concentration, persistence, and pace; however, no such limitation was included in the RFC. Tr. 34, 420-426. Defendant argues that while the ALJ identified these limitations noted by Dr. Wicher, he did not include them while determining plaintiff's RFC and therefore rejected them. However, because the ALJ relied solely on SVP ratings in assessing plaintiff's non-exertional limitations, this Court is unable to decipher whether the ALJ accepted or rejected the limitations in concentration, persistence, and pace noted by Dr. Wicher.

The Court also notes that in discussing plaintiff's RFC, the ALJ explicitly stated that he found sufficient evidence to "establish severe impairments, mentioned above," without identifying the impairments to which he referred or any limitations resulting from such impairments. Tr. 35. Consequently, this Court finds the RFC insufficient in clarifying plaintiff's limitations.

Notwithstanding these deficiencies, defendant argues that the ALJ's RFC assessment should be upheld, because the ALJ's SVP findings limited her to semi-skilled work, and given her GED certification, she is "presumed" to have the capacity to perform semi-skilled work. See Def.'s Br. 24. However, defendant fails to recognize that this Court's role is limited; it is inappropriate for this Court to "presume" findings not

articulated by the ALJ. Regardless, SVP ratings of 1-4 essentially indicate a claimant's readiness to perform the full range of semi-skilled and unskilled work; such ratings do not assess a claimant's non-exertional limitations and the record is unclear whether the ALJ found limitations in concentration, persistence, or pace. Thus, by relying solely on SVP ratings in the RFC assessment, the ALJ failed to clarify plaintiff's non-exertional limitations.

Finally, while the VE testified that plaintiff's past work correlates with SVP 4, the ALJ elicited no VE testimony and made no findings regarding the specific duties of such jobs and whether a claimant with plaintiff's RFC could perform them. In fact, the ALJ failed to provide any hypothetical RFC to the VE. Consequently, the VE did not testify that a claimant with plaintiff's RFC could perform her past relevant work as it was generally performed. Further, the ALJ did not make findings as to how the work was generally performed. Rather, the ALJ simply compared "the claimant's [RFC] with the physical and mental demands of this work" and found that she was "able to perform it as actually and generally performed." Tr. 35.

Critically, the ALJ did not discuss any of the *specific* mental and physical demands required by plaintiff's past relevant work, and he failed to explain how her RFC satisfied

those specific demands, aside from the correlation with SVP ratings. Thus, the ALJ failed "to make the requisite factual findings to support his conclusion" that plaintiff is able to perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).

In sum, the ALJ's findings at step four are not supported by the record, and the case must be remanded for further administrative proceedings. On remand, the ALJ shall assess the relevant mental and non-exertional limitations of plaintiff and provide an RFC assessment consistent with plaintiff's specific physical and mental limitations. Further, the ALJ shall present the relevant RFC to the VE in an appropriate hypothetical to support any findings made at step four and step five.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff was not disabled is not supported by substantial evidence in the record. Accordingly, the Commissioner's decision is REVERSED AND REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 6th day of ~~September~~ October, 2015.

Ann Aiken
United States District Judge

OPINION AND ORDER - 18