IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARI NAVA,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

Case No. 3:14-cv-01348-AA
O R D E R

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
    Attorney for plaintiff

Janice E. Hébert
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Jeffrey E. Staples
Special Assistant United States Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - ORDER

AIKEN, Judge:

Plaintiff Cari Nava seeks attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposes plaintiff's motion on the basis that its position was substantially justified. For the reasons set forth below, plaintiff's motion is granted.

## PROCEDURAL BACKGROUND

Plaintiff initially filed her application for supplemental social security income benefits ("SSI") under Title XVI of the Social Security Act ("SSA") on August 24, 2010. On January 31, 2013, an Administrative Law Judge ("ALJ") denied plaintiff's claim for benefits. On June 17, 2014, the Appeals Council declined review. On October 6, 2015, this Court reversed and remanded for further proceedings the Commissioner's decision. Having successfully obtained a remand, plaintiff timely filed a motion for attorney fees in the amount of $3,623.50. For the reasons set forth below, plaintiff's motion is granted.

## STATEMENT OF FACTS

Plaintiff, who was fifty-six years old at the time of the ALJ's decision, alleges she became disabled in August 2010. She has some high school education, a high school equivalency diploma (GED), and past relevant work as a receptionist, general office clerk, and data entry clerk.

In determining whether plaintiff qualified for SSI, the ALJ completed the five step sequential process outlined in 20 C.F.R. § 404.1520. At step one of that process, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. At step two, the ALJ determined plaintiff suffered from the following severe impairments: hypertension, depression, asthma/emphysema, borderline personality disorder, and post-traumatic stress disorder. The ALJ also found evidence of a nonsevere impairment due to hepatitis C. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal a listed impairment indicating presumptive disability.

Because plaintiff did not establish disability at step three, the ALJ continued to evaluate how

plaintiff's impairments affected her ability to work. The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform the full range of light work with some exertional and environmental restrictions. The only reference to mental restrictions in the RFC is the ALJ's finding plaintiff is able to remember, understand and carry out instructions and tasks generally required by occupations with an specific vocational preparation ("SVP") of 1-4.[1] Taking into account this RFC, the ALJ found plaintiff was capable of performing past relevant work and denied her application for benefits.

On appeal, this Court held the ALJ had committed two errors at step four. First, this Court concluded "the ALJ's reliance on SVP ratings" without discussing limitations related to concentration, persistence, and pace "resulted in a deficient RFC." *Nava v. Colvin*, 2015 WL 5854074, *5 (D. Or. Oct. 6, 2015). Second, this Court determined the ALJ erred when he failed to make findings about the specific mental and physical demands of plaintiff's past work and explain how her RFC was consistent with meeting those demands. *Id.* This Court remanded with instructions for the ALJ to "assess the relevant mental and non-exertional limitations of plaintiff[,] . . . provide an RFC assessment consistent with plaintiff's specific physical and mental limitations[, and] . . . present the relevant RFC to the VE in an appropriate hypothetical to support any findings made at step four and step five." *Id.* at *6.

## STANDARD OF REVIEW

A party that prevails against the United States government in a civil action is entitled, under certain circumstances, to an award of attorney fees under the EAJA. 28 U.S.C. § 2412. In pertinent part, the EAJA provides:

[e]xcept as otherwise specifically provided by statute, a court shall award to a

---

[1] As explained in the opinion and order reversing the Commissioner's decision, "[t]he *Dictionary of Occupational Titles* (DOT) defines SVP as the 'amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'" *Nava*, 2015 WL 5854074 at *5 (quoting DOT, Appx. C, § 2). SVP levels correspond to skill level, with SVP 1-2 jobs categorized "unskilled," SVP 3-4 jobs categorized "semi-skilled," and SVP 5 and above jobs categorized "skilled." SSR 00-4P, 2000 WL 1898704, *3.

Page 3 - ORDER

>prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, the EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. The court must first ascertain if the plaintiff was a prevailing party; if so, the court must then evaluate whether the government was substantially justified in its position and that no other special circumstances exist for making an award of attorney fees unjust. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). If the government proves it was substantially justified, attorney fees will not be awarded to the plaintiff. *Id.*

## DISCUSSION

It is undisputed plaintiff is a prevailing party and therefore satisfies the first requirement for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Further, the Commissioner does not object to the amount of hours expended, the amount of costs, or the requested hourly rate. *See generally* Def.'s Resp. Mot. Att'y Fees. Accordingly, plaintiff's entitlement to attorney fees hinges on "whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

A federal court is "require[d] to award fees when 'the [Commissioner's] position on the . . . issues that led to remand was not substantially justified.'" *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014) (quoting *Flores*, 49 F.3d at 564) (emphasis omitted)). In order to overcome the presumption attorney fees will be awarded under the EAJA, the government has the burden to demonstrate its position had "a reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The requirement applies both to "the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court "need not

Page 4 - ORDER

address whether the government's litigation position was justified." *Id.* at 872.

When the agency's decision is not supported by substantial evidence, that is a "strong indication" the government's position in the underlying agency action was not substantially justified. *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005). It is the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (citation and quotation marks omitted). This is because there is "significant similarity" between the deferential "substantial evidence" standard for review of the Commissioner's disability determination and the "substantially justified" standard under the EAJA. *Meier*, 727 F.3d at 872.

Dr. Wicher, an examining doctor, assessed plaintiff with mild to moderate difficulties with concentration, persistence, and pace. The ALJ appears to have credited this assessment.[2] However, as noted above, the only portion of the RFC arguably tied to these deficits is the limitation to SVP levels 1 through 4. In the section of the ALJ's opinion explaining the RFC, the ALJ neither discusses the concentration, persistence and pace problems nor explains why those limitations are accounted for by an SVP cap of 4.

The government argues the ALJ was substantially justified in omitting from the RFC any express discussion of plaintiff's mental limitations. In support of this proposition, the government relies on a Tenth Circuit case in which the court found no error in purportedly similar circumstances. That case, *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), is distinguishable. In *Vigil*, as in this case, the RFC included an SVP limitation without discussion of mental limitations. *Id.* at 1204. Significantly, though, the explanation of the RFC in *Vigil* specifically addressed the plaintiff's deficits of concentration, persistence, and pace. *Id.* In other words, unlike in this case, the ALJ

---

[2] The ALJ gave "more weight" to one part of Dr. Wicher's opinion and "less weight" to another part, without expressly assigning a weight level to the concentration, persistence, and pace assessment. Because the ALJ did not explain the connection between the SVP-level limitation and plaintiff's mental deficits, this Court was "unable to decipher whether the ALJ accepted or rejected the limitations in concentration, persistence, and pace noted by Dr. Wicher." *Nava*, 2015 WL 5854074 at *6.

Page 5 - ORDER

connected the dots between the mental limitations and the SVP levels and explained why, *in that particular case*, the SVP limitation adequately accounted for the concentration, persistence, and pace problems. The *Vigil* court expressly acknowledged such a limitation would not always adequately address a claimant's mental limitations. *See id.* (citing *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (restriction to "simple, unskilled work at best" without discussion of specific mental limitations was inadequate)). Moreover, as plaintiff points out, this court previously has held SVP limitation with no elaboration fails to adequately address mental limitations regarding concentration, persistence, and pace. *See Johnson v. Colvin*, 2013 WL 3119567, *8 (D. Or. Jun. 18, 2013) (SVP level "descriptions . . . do no address all mental aspects of performing a job"). This is not the "decidedly unusual case" where the Commissioner's decision, though unsupported by substantial evidence, meets the substantial justification standard. *Thangaraja*, 428 F.3d at 874.

## CONCLUSION

The Commissioner's position in the underlying agency decision was not substantially justified.[3] Accordingly, plaintiff's EAJA application (doc. 25) is GRANTED. Plaintiff is awarded fees in the sum of $3,623.50.

IT IS SO ORDERED.

Dated this 3 day of March 2016.

_____
Ann Aiken
United States District Judge

---

[3] This Court identified a second error at step four: the ALJ failed to make findings regarding the specific duties of plaintiff's past work and compare those findings to the RFC. That error is inextricably connected to the ALJ's failure to adequately address plaintiff's mental limitations. *See Nava*, 2015 WL 5854074 at *6 ("Critically, the ALJ did not discuss any of the *specific* mental and physical demands required by plaintiff's past relevant work, and he failed to explain how her RFC satisfied those specific demands, aside from the correlation with SVP ratings." (emphasis in original)). As a result, the Commissioner's position in the underlying agency decision was not substantially justified with respect to either step four error.

Page 6 - ORDER